IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **SWIG HOLDINGS, LLC,**<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>**SODALICIOUS, INC.,**<br><br>　　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:15CV307DAK<br><br>Judge Dale A. Kimball |

　　　　This matter is before the court on Defendant Sodalicious, Inc.'s Rule 12(e) Motion for a More Definite Statement.  On October 9, 2015, the court held a hearing on the motion.  At the hearing, Plaintiff Swig Holdings, LLC was represented by Mark M. Bettilyon, and Sodalicious was represented by Tessa Meyer Santiago.  The court took the motion under advisement.  After carefully considering the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motion, the court issues the following Memorandum Decision and Order.

## BACKGROUND

　　　　The parties are competing flavored drink/treat stores.  Swig opened in 2010 in St. George, Utah and has been opening additional stores since then.  There are now 9 locations in Utah.  Swig is known for dirty drinks, which refers to adding coconut flavoring.  But it also offers many other flavors and allows the customer to make any combination they want.  Swig is also well known for its fat, semi-frozen cookies.  Swig sells only drinks and treats.

In 2013, Sodalicious opened a similar store in Provo serving only flavored drinks and treats.  Swig alleges that Sodalicious copied its business model.  Swig brought the present lawsuit asserting causes of action for federal trademark infringement of Swig's "dirty" trademark, infringement of Swig's state registered mark of its oval Swig logo, and federal and state unfair competition claims alleging trade dress infringement for Sodalicious's alleged copying of Swig's business model.  Swig contends that Sodalicious obtained syrups and cookies from the same suppliers as Swig and sold its products at the same prices as Swig.  Swig further asserts that Sodalicious uses similar styrofoam cups with large colorful straws, menu boards, color schemes, and a bubble motif.

## DISCUSSION

### Motion for More Definite Statement

Sodalicious has moved for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure.  Rule 12(e) permits an order to compel a more definite statement when a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response."  Fed R. Civ. P. 12(e).  Because Rule 8 of the Federal Rules of Civil Procedure provides for notice pleading and requires only a short and plain statement of the pleader's claim, "Rule 12(e) motions are generally disfavored by the courts and are properly granted only when a party is unable to determine the issues to which a response is required."  *Creamer v. Ellis Cnty. Sheriff Dep't*, 2009 WL 484491, at *1 (D. Kan. Feb. 26 2009).  "Rule 12(e) is designed to correct pleadings that are unintelligible not merely to correct a claimed lack of detail."  *Id.*

Sodalicious contends that Swig's Amended Complaint is unclear and ambiguous about the items Swig claims are trade dress and entitled to protection.  The Amended Complaint

identifies many items that Swig contends comprises its trade dress. Sodalicious does not take issue with the trade dress claim as it relates to Swig's cookies. However, Sodalicious asserts that Swig's descriptions of the Swig Cup, Menu Boards, and Color Scheme do not correlate to any found by Sodalicious.

Reviewing claims for trade dress infringement, courts have acknowledged that "describing the nature of the trade dress" is difficult and a complaint that alleges the basic elements of a trade dress claim satisfies the liberal pleading standard permitted by Rule 8. *Bespaq Corp. v. Haoshen Trading Co.*, 2005 WL 14841, at *3 (N.D. Cal. Jan. 3, 2005). While a defendant may desire additional detail, this information should be pursued through pretrial discovery not a motion to compel a more definite complaint. *Advanced Baseball Acad, LLC v. Google, Inc.,* 2015 WL 1440656 at *4 (D. Kan. Mar. 30, 2015).

In compliance with Rule 8, Swig's Amended Complaint provides Sodalicious with clear notice of the nature of its claims and the issues to which Sodalicious must respond. Swig's Amended Complaint pleads each essential element for the causes of action, disclosing the trade marks and trade dress that Swig seeks to protect. Swig pleads each feature it believes comprises its trade dress and the ways in which it believes that Sodalicious is infringing its marks and trade dress.

As evidenced by the evidentiary nature of Sodalicious's arguments in the pending motion, Sodalicious has notice of and understands Swig's claims. While Sodalicious appears to disagree with Swig's view of Sodalicious's use of Swig's trade dress, that does not provide a basis for a more definite statement. *United States v. Fraughton*, 2015 WL 1451050, at *4 (D. Utah Feb. 6, 2015). Sodalicious's assertions that its trade dress does not match or infringe Swig's trade dress

are an attempt to resolve the merits of Swig's claims and are premature. *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 2006 WL 1793571, at *3 (N.D. Ill. June 26, 2006).

These assertions also demonstrate that Sodalicious has sufficient information to draft a responsive pleading. If Sodalicious has sufficient information to compare Swig's claims with its own trade dress, Sodalicious has enough information to prepare an Answer. Sodalicious's motion identified for the court several defenses that could be applicable to trade dress.

Sodalicious claims that Swig's trade dress is a moving target. However, to make such an argument is to acknowledge that it is aware of the changes Swig has made to specific items listed in its trade dress claim. The level of detail Sodalicious seeks to have included in the Amended Complaint is not supported by any case law. Our system provides for notice pleading. There is no contention that any of these claims are of the nature requiring a heightened pleading standard. To the extent Sodalicious seeks additional information and details with respect to Swig's claims, it may pursue such information through pretrial discovery.

A trade dress analysis, particularly the issue of confusion, would rarely lend itself to a motion to dismiss or motion for judgment on the pleadings. The factual nature of these types of claims is precisely why our litigation system provides for a period of discovery. Sodalicious's claim to be worried about the cost of discovery is belied by the cost of the unnecessary motion Sodalicious has brought. It is obvious to the court that Sodalicious has made a calculated decision to be as aggressive as possible in this litigation. Sodalicious states that it does not know its defenses, and then lists them all. In addition, a cursory look at the Amended Complaint, in a light most favorable to Swig, demonstrates that the trade dress comparison at issue in this case is far too fact intensive to support a dispositive motion prior to summary judgment. Sodalicious is

allegedly selling the same items at the same prices using the same methods and general look. If Sodalicious really wants to save litigation costs, the most efficient approach for the parties is to explore the specific details of trade dress in discovery and bring a summary judgment motion at the appropriate time.

## CONCLUSION

The court concludes that Swig's Amended Complaint is sufficient as pleaded. Sodalicious has fair notice of the claims Swig is asserting against it. Accordingly, Defendant's Rule 12(e) Motion for a More Definite Statement is DENIED.

Dated this 14th day of October, 2015.

BY THE COURT:

_____
Dale A. Kimball
United States District Court Judge