IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **SWIG HOLDINGS LLC,**<br><br>                Plaintiff,<br><br>v.<br><br>**SODALICIOUS, INC.,**<br><br>                Defendant, | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:15cv307DAK<br><br>Judge Dale A. Kimball |

     This matter is before the court on Plaintiff Swig Holdings, LLC's Motion for Leave to File Second Amended Complaint. The motion is fully briefed. The court does not believe that a hearing would significantly aid the court in its determination of this motion. Having fully considered the motion, memoranda, and the facts and law relevant to this motion, the court enters the following Order.

     Swig brings this motion under Rule 15 of the Federal Rules of Civil Procedure. Rule 15 states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Courts have held that refusing leave to amend is rare and generally only justified upon a "showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

     Swig seeks to file an Amended Complaint to add five individuals to the case: Kevin Auernig, Anne Auernig, Kevin Findlay, and Kevin Santiago, all of whom are owners of

Defendant Sodalicious, Inc.  Swig wishes to bring claims against these individuals for vicarious and contributory infringement of Swig's trademark and trade dress.  Swig's proposed Second Amended Complaint alleges that these individual defendants have a direct financial interest in Sodalicious, are responsible for Sodalicious' marketing, are actively involved in Sodalicious' business activities, have the right and ability to supervise Sodalicious' business activities, have personally participated in and directed Sodalicious' infringing activity, have authorized and approved Sodalicious' infringing activity, and continue to direct Sodalicious to engage in infringing activity despite knowledge of Swig's trade dress and trademarks.

Sodalicious opposes the motion to amend, arguing that the motion is dilatory, futile, and unduly prejudicial.  Sodalicious bears the burden of showing that the amendment is not appropriate on these grounds.

### A. Dilatory

First, although Swig brought the motion before the deadline for seeking leave to amend pleadings, Sodalicious contends that the amendment is dilatory because Swig has had access to its owners and officers identities since the time it filed its original Complaint.  Sodalicious' officers, directors, and owners is public information and maintained by the Utah Department of Business and Corporations.  "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."  *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1885 (10th Cir. 1990).  In *Las Vegas Ice*, the plaintiff sought to assert a new claim nine months after partial summary judgment was entered and only a few months before the trial, even though the party had been aware of facts supporting the claim since the time

it filed the original complaint.  *Id.* at 1185.

This case is distinguishable from *Las Vegas Ice*. Swig has filed the motion to amend before the date agreed to by the parties.  Swig's amendment also relies on information obtained in discovery.  The information with the Utah Department of Business and Corporations is a list of owners and officers.  However, the information Swig obtained in discovery demonstrates the involvement of the owners in day-to-day management and decisionmaking.  Seeking to add these individuals as potentially individually liable defendants would have been premature before Swig had information as to their involvement in the business' decisions and activities.

### B. Futility

Next, Sodalicious argues that granting Swig leave to amend is futile because Swig fails to plead facts sufficient to state a claim against the individual defendants for vicarious liability for trademark infringement.  The parties' briefing on this issue is like two ships passing in the night. Neither party addresses or distinguishes the cases cited by the opposing party.  Swig cites to cases about vicarious liability for torts in the principal-agent relationship whereas Sodalicious cites to cases about the liability of corporate officers.  The court concludes that the cases most applicable to the present dispute are those dealing with trademark infringement claims against corporate officers.  The cases cited by Swig involve the opposite scenario–whether the principal is vicariously liable for the acts of its agents.  Those cases would only be relevant to the claim against Sodalicious.  In the present motion, however, the issue is whether the corporate officers of Sodalicious can be vicariously liable for trademark and trade dress infringement.

This court has not found any controlling Tenth Circuit precedent.  However, several cases from other courts address claims for infringement against officers of a corporation.  *See, e.g.,*

*Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485 (S.D.N.Y. 2015); *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565 (Fed. Cir. 1986); *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408 (Fed. Cir. 1996).

In *Louis Vuitton*, the court stated that "[a] corporate officer is liable for trademark infringement if he 'directs, controls, ratifies, participates in, or is the moving force behind the infringing activity.'" 97 F. Supp. 3d at 501.  The court noted that other "[c]ourts have found an employee to be the 'moving force' behind a Lanham Act violation when he was primarily responsible for designing, marketing, and developing and infringing product, or otherwise 'directly participated' in the violation." *Id.* (citations omitted).

The Eleventh Circuit has recognized that "[b]ecause of its very nature a corporation can act only through individuals.  'Obviously . . . if there was an infringement by the corporation, this infringement was caused by some one or more persons either officers or employees of the corporation who caused the acts to be done.'" *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (quoting *Mead Johnson & Co. v. Baby's Formula Serv., Inc.*, 402 F.2d 19, 23 (1968) (natural persons as well as corporations may be liable for trademark infringement under the Lanham Act)).  Thus, "[i]f an individual actively and knowingly caused the infringement, he is personally liable." *Id.*

In this case, Swig alleges that the individual defendants have a direct financial interest in Sodalicious, are responsible for Sodalicious' marketing, are actively involved in Sodalicious' business activities, have the right and ability to supervise Sodalicious' business activities, have personally participated in and directed Sodalicious' infringing activity, have authorized and approved Sodalicious' infringing activity, and continue to direct Sodalicious to engage in

4

infringing activity despite knowledge of Swig's trade dress and trademarks. Swig has also attached exhibits to its motion demonstrating the individual defendants' involvement in day-to-day decisions and management of the company. These allegations meet the standards set by several other courts that the individual defendants knowingly directed and participated in the alleged infringement. This is not a case where a plaintiff seeks to merely add an owner under a claim of vicarious liability based solely on ownership alone. While Sodalicious contests whether Swig's allegations contain enough factual support, the court finds that the allegations provide an adequate short and plain statement providing notice to the individual defendants of Swig's claim against them. Therefore, the court declines to find that Swig's requested amendment to assert vicarious liability claims against the individual defendants would be futile.

Swig asserts that Sodalicious has not contested Swig's pleading with respect to contributory infringement. But, Sodalicious argued in its opposition that Swig has not "alleged any facts that support a claim for liability under a contributory theory of infringement." Def. Mem. Opp. at 12 n.2. Swig's Second Amended Complaint states only that the individual defendants are jointly and severally liable with Sodalicious as contributory infringers. In its motion for leave to amend, Swig cites to the standard for contributory infringement from *Inwood Labs. v. Ives Labs.*, 456 U.S. 844, 853-54 (1982). According to the *Inwood* Court, "if a manufacturer or distributor intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer or distributor is contributorially responsible for any harm done as a result of the deceit." *Id.* at 854.

"*Inwood*'s test for contributory infringement applies on its face to manufacturers and

distributors of goods. Courts have, however, extended the test to providers of service." *Tiffany Inc. v. eBay Inc.*, 600 F.3d 93, 104 (2d Cir. 2010). The individual defendants are clearly not manufacturers or distributors of products. In addition, the individual defendants are not providers of service, such as eBay or the owner of a swap meet, whose vendors allegedly sell infringing products. *See id.*; *Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1148-49 (7th Cir. 1992). There are no allegations that the individual defendants are contributing to a third party's infringement of Swig's trademarks or trade dress. To the extent that Swig is claiming that the individual defendants are contributing to Sodalicious' alleged infringement, the individual defendants are potentially vicariously liable as owners directing and engaging in the alleged infringement. Swig has not cited the court to a case finding an officer or director of a company contributorily liable for his or her own company's infringement. Accordingly, the court finds that amending the complaint to allow a contributory infringement claim against the individual defendants is futile.

### C. Unduly Prejudicial

Finally, Sodalicious argues that allowing Swig to file a Second Amended Complaint would be unduly prejudicial because the Second Amended Complaint fails to identify the specific acts that create liability for each defendant. Sodalicious claims that the Second Amended Complaint fails to meet the Rule 8 pleading standard and the individual defendants would be unable to understand and defend the claims asserted against them. While Swig's Second Amended Complaint is not a model for factual details, the pleading alleges sufficient factual allegations against each defendant to meet Rule 8's notice pleading standard. The Individual Defendants are on notice that the claims against them state that they personally

participated in, directed, and authorized activities that infringed Swig's trademarks and trade dress.  The Second Amended Complaint also specifically identifies the types of alleged infringement defendants allegedly engaged in–for example, using the term "dirty" in connection with soft drink combinations, selling only treats and drinks, using similar color schemes for stores and menu boards, selling drinks in styrofoam cups with large colorful straws, selling cookies partially frozen with room temperature icing, and using bubbles in its logo.  The specific details of every allegedly infringing decision and activity for each individual defendant is not necessary under Rule 8.  The court finds that the Individual Defendants have adequate information with which to defend the claims asserted against them.

Sodalicious fails to demonstrate any actual undue prejudice the filing of a Second Amended Complaint would have against it.  The parties have several months of discovery remaining and the nature of the claims have not changed.  Moreover, some additional discovery is not grounds for denying leave to amend.  Accordingly, the court finds no basis for denying Swig's motion for leave to file a Second Amended Complaint.

Therefore, the court grants Swig's Motion for Leave to File Second Amended Complaint [Docket No. 27].  Swig shall file the Second Amended Complaint that was attached as an exhibit to its motion, minus reference to a claim for contributory infringement against the individual defendants,  within ten days of the date of this Order.

DATED this 5th day of May, 2016.

_____
DALE A. KIMBALL
United States District Judge